FILED

JUN 0 8 2022

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,           )
                                     )
        Plaintiff,                   )
                                     )
-vs-                                 )   No. CR 22-232 HE
                                     )
DESIREE NICOLE FRANSEN,              )   Violations: 18 U.S.C. § 371
    a/k/a Desiree Sanchez,           )              42 U.S.C. § 1383a(a)(4)
    a/k/a Sanchezz Dez Love,         )              18 U.S.C. § 1028A(a)(1)
    a/k/a SanFran DezNicole, and     )              18 U.S.C. § 1014
OCTAVIO JUAN SANCHEZ,                )              18 U.S.C. § 1349
                                     )
        Defendants.                  )

**INDICTMENT**

The Federal Grand Jury charges:

**Introduction**

At all times relevant to this Indictment:

1.   **OCTAVIO JUAN SANCHEZ ("SANCHEZ")** and **DESIREE NICOLE FRANSEN ("FRANSEN")** were residents of Norman, Oklahoma.

2.   The Social Security Administration (SSA) was a department and agency of the United States that administered the Supplemental Security Income (SSI) program pursuant to Title XVI of the Social Security Act. The SSI program provided financial support to individuals who were age 65 or older, blind, or disabled and who had income and resources below specific federal limits. Individuals who received SSI benefits were

referred to as "beneficiaries." SSI benefits typically were paid monthly and were intended to provide for the beneficiary's basic needs, such as food, shelter, and clothing.

3. A representative payee was a person or organization appointed by SSA to manage SSI benefits for a beneficiary who was unable to manage or direct the management of the SSI benefits. A representative payee was required to use the SSI benefits to pay for the current and future needs of the beneficiary. A representative payee was also required to keep a record of expenses incurred on behalf of the SSI beneficiary and provide those records to SSA upon request.

4. From about February 2013 until June 2021, Margarita Juanita Sharon Sandoval (a/k/a "Maggie" or "Sandoval") received SSI benefits due to a disability. Sandoval was **SANCHEZ**'s sister.

5. On or about January 8, 2018, SSA appointed **FRANSEN** to serve as Sandoval's representative payee. During the period of January 2018 until June 2021, **FRANSEN** received SSI benefits paid for the benefit of Sandoval. From January 2018 until March 2018, Sandoval's SSI benefits were paid via a U.S. Treasury check made payable to "Desiree N Fransen for Margarita J Sandoval." From March 2018 until June 2021, Sandoval's SSI benefits were paid via direct deposit to a Bluebird debit card in the name of "Margarita Sandoval."

6. On or about May 13, 2021, the Norman Police Department discovered Sandoval's dead body in a basement in an advanced stage of decomposition. As of

2

that date, **FRANSEN** had not notified SSA of Sandoval's disappearance or death, and SSA had continued to pay SSI benefits to **FRANSEN** for Sandoval's benefit.

## COUNT 1
### (Conspiracy)

7. The Federal Grand Jury incorporates paragraphs 1-6 by reference.

8. Beginning at least in or about March 2018 and continuing through in or about May 2021, in the Western District of Oklahoma,

---------------------------------- **DESIREE NICOLE FRANSEN,**
a/k/a **Desiree Sanchez,**
a/k/a **Sanchezz Dez Love,**
a/k/a **SanFran DezNicole,** and
**OCTAVIO JUAN SANCHEZ** ------------------------------

knowingly and voluntarily, and with interdependence, combined, conspired, and agreed with each other to commit the offenses of Social Security fraud, in violation of Title 42, United States Code, Section 1383a(a)(3), representative payee fraud, in violation of Title 42, United States Code, Section 1383a(a)(4), and theft of government benefits, in violation of Title 18, United States Code, Section 641.

### The Object of the Conspiracy

9. The object of the conspiracy was to convert the SSI benefits paid by SSA for the benefit of Sandoval to the personal use and benefit of **FRANSEN** and **SANCHEZ**.

3

## Manner and Means

10. The object of the conspiracy was accomplished as follows:

11. In or about January 2018, **FRANSEN** and **SANCHEZ** discussed that **SANCHEZ** could not serve as Sandoval's representative payee because he was a convicted felon, and they agreed that **FRANSEN** would serve as Sandoval's representative payee.

12. In or about January 2018, **FRANSEN** applied for and was appointed by SSA to be the representative payee for Sandoval, allowing **FRANSEN** to receive SSI benefits on behalf of Sandoval. At the time of the application, **FRANSEN** stated Sandoval resided with her at 1600 Ann Brandon Boulevard, Apartment 1133 in Norman, Oklahoma.

13. On or about April 16, 2018, **FRANSEN** told an investigator with the Oklahoma Department of Human Services (OKDHS) that Sandoval was no longer living in her home. **FRANSEN** further advised that, at the end of February 2018 or the beginning of March 2018, Sandoval went to take out the trash and did not come back, and she had not seen her or heard from her since.

14. Thereafter, **FRANSEN** and **SANCHEZ** agreed not to notify SSA and to conceal that they were no longer providing care for Sandoval and using the SSI benefits for the current or future needs of Sandoval. **FRANSEN** did not contact SSA to have herself removed as the representative payee for Sandoval.

15. Rather than using the SSI benefits for Sandoval's current or future needs, **FRANSEN** and **SANCHEZ** used the funds for their personal benefit.

## Overt Acts

16. In order to effect the object of the conspiracy, **FRANSEN** and **SANCHEZ** committed the following overt acts, among others, in the Western District of Oklahoma:

A. In or about January 2018, **FRANSEN** and **SANCHEZ** agreed they would keep at least a portion of Sandoval's SSI benefits for their personal use, rather than use the benefits for the current and future needs of Sandoval as required by SSA.

B. On or about January 15, 2018, after SSA appointed **FRANSEN** as Sandoval's representative payee, **SANCHEZ** and **FRANSEN** opened a Bluebird debit card so that Sandoval's SSI benefits could be paid by direct deposit instead of a United States Treasury check.

C. On or about March 9, 2018, and July 17, 2018, **SANCHEZ** used Sandoval's Bluebird debit card, which was funded primarily by her SSI benefits, to make payments toward his court fees in the Circuit Court of Crawford County, Arkansas, Case Number CR-17-200.

D. On or about April 8, 2018, **FRANSEN** used Sandoval's Bluebird debit card, which was funded primarily by her SSI benefits, to make payments toward **SANCHEZ**'s court fees in the District Court of Cleveland County, Oklahoma, Case Number CM-2017-0598.

E.     On or about April 26, 2018, June 19, 2018, and September 5, 2018, **FRANSEN** and **SANCHEZ** used Sandoval's Bluebird debit card, which was funded primarily by Sandoval's SSI benefits, to make payments on **FRANSEN**'s account at Appliance Warehouse.

F.     On at least January 7, 2021, March 10, 2021, March 13, 2021, March 14, 2021, April 28, 2021, and April 29, 2021, **SANCHEZ** used Sandoval's Bluebird debit card, which was primarily funded by her SSI benefits, to withdraw cash from ATMs located at 7-11 convenience stores in Norman, Oklahoma.

G.     In or about August 2020, SSA mailed to **FRANSEN** forms related to a disability review, which was necessary to ensure Sandoval continued to be eligible for SSI benefits. **FRANSEN** did not return the forms. On about April 23, 2021, SSA attempted to contact **FRANSEN** by phone to request that the forms be returned. **FRANSEN** returned SSA's phone call that same day and stated she never received the forms because her family had moved to a new address in October 2020. **FRANSEN** updated the address for Sandoval's SSI benefits and falsely stated to the SSA representative that Sandoval continued to reside with her at the new address.

H.     On or about April 25, 2021, less than three weeks before Sandoval's severely decomposed body was found, **FRANSEN** sent SSA an "Authorization to Disclose Information to the Social Security Administration" form, authorizing SSA to request disclosure of Sandoval's medical records. The form was purportedly signed by Sandoval

6

on April 25, 2021. The form was also witnessed by "Desiree F," and stated: "I know the person signing the form or am satisfied of this person's identity."

I.  In or around late April 2021 or early May 2021, just weeks before Sandoval's body was found, **FRANSEN** submitted to SSA a "Continuing Disability Review Report," stating that Sandoval continued to be disabled due to specific medical conditions, but that Sandoval had not seen a doctor over the last 12 months because she "refused medications and doctor appointments." The form further described Sandoval as having difficulty focusing, and it described her daily activities as "up at 7:15 a.m. Eat breakfast, shower & brush, do chores, rt [sic] on a program or garden."

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### (Representative Payee Fraud)

17.  The Federal Grand Jury incorporates paragraphs 1-16 by reference.

18.  Beginning in or around March 2018, and continuing through in or around May 2021, in the Western District of Oklahoma,



------------------------------ **DESIREE NICOLE FRANSEN,**
                               a/k/a Desiree Sanchez,
                               a/k/a Sanchezz Dez Love,
                               a/k/a SanFran DezNicole ----------------------------------------

having made an application to receive payments of SSI benefits for the use and benefit of another, and having received such payments, knowingly and willfully converted such payments to a use other than for the use and benefit of such other person. In particular,

FRANSEN, while acting as representative payee for Margarita Juanita Sharon Sandoval, converted to her own use or the use of another approximately $30,912.00 in SSI benefits paid to her for the use and benefit of Sandoval.

All in violation of Title 42, United States Code, Section 1383a(a)(4).

## COUNT 3
(Aggravated Identity Theft)

19.    The Federal Grand Jury incorporates paragraphs 1-16 and 18 by reference.

20.    On or about April 25, 2021, in the Western District of Oklahoma,

------------------------------ **DESIREE NICOLE FRANSEN,**
     **a/k/a Desiree Sanchez,**
     **a/k/a Sanchezz Dez Love,**
     **a/k/a SanFran DezNicole** ----------------------------------------

did knowingly use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c)(11)—specifically, the offense of Social Security fraud in violation of Title 42, United States Code, Section 1383a(a)(3) and representative payee fraud in violation of Title 42, United States Code, Section 1383a(a)(4). In particular, **FRANSEN** used the name, signature, Social Security number, and date of birth of "Margarita Juanita Sharon Sandoval" when she submitted an "Authorization to Disclose Information to the Social Security Administration" in order to ensure continued payment of Sandoval's SSI benefits after Sandoval's death, which **FRANSEN** used other than for the benefit of Sandoval.

8

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## Count 4
### (False Statement to a Financial Institution)

21. The Federal Grand Jury incorporates paragraph 1 by reference.

22. On or about April 24, 2018, in the Western District of Oklahoma and elsewhere,

------------------------------ **DESIREE NICOLE FRANSEN,**
　　　　　　　　　　　　　　a/k/a **Desiree Sanchez,**
　　　　　　　　　　　　　　a/k/a **Sanchezz Dez Love,**
　　　　　　　　　　　　　　a/k/a **SanFran DezNicole** --------------------------------------

knowingly made a false statement to Capital One Bank (USA), N.A. ("Capital One"), a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing Capital One to open a credit card account. Specifically, **FRANSEN,** without authorization, used the name "Margarita Sandoval," as well as Sandoval's date of birth and Social Security number in the credit card application. **FRANSEN** also falsely stated that Sandoval had an income of $23,000.

All in violation of Title 18, United States Code, Section 1014.

## COUNT 5
### (Aggravated Identity Theft)

23. The Federal Grand Jury incorporates paragraphs 1 and 22 by reference.

24. On or about April 24, 2018, in the Western District of Oklahoma,

------------------------------ **DESIREE NICOLE FRANSEN,**
a/k/a **Desiree Sanchez,**
a/k/a **Sanchezz Dez Love,**
a/k/a **SanFran DezNicole** ---------------------------------------

did knowingly use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c)(4)—specifically, the offense of making a false statement to a financial institution as set forth in Count 4 of this Indictment, knowing that the means of identification belonged to another person. In particular, **FRANSEN** used the name, signature, Social Security number, and date of birth of "Margarita Sandoval," whom she knew to be a real person, when she submitted a credit card application to Capital One.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT 6
### (Conspiracy to Commit Wire Fraud)

25. The Federal Grand Jury incorporates paragraph 1 by reference.

26. On March 27, 2020, the Coronavirus Aid, Relief and Economic Security Act (CARES Act) was signed into law to address the economic fallout of the COVID-19 pandemic in the United States. The CARES Act provided, in part, for the issuance of Economic Impact Payments (EIPs)—also colloquially known as "stimulus checks"—to American households in the amounts of up to $1,200 per adult for eligible individuals and $500 per qualifying child under age 17. The payments were reduced for individuals with adjusted gross income (AGI) above certain limits.

27. The COVID-related Tax Relief Act of 2020, enacted in late December 2020, authorized an additional EIP of up to $600 per adult for eligible individuals and up to $600 for each qualifying child under age 17.

28. The American Rescue Plan Act of 2021, enacted in early March 2021, provided a third round of EIPs of up to $1,400 for eligible individuals or $2,800 for married couples filing jointly, plus $1,400 for each qualifying dependent, including adult dependents.

29. An individual's eligibility for the EIP was generally determined based on the individual's 2019 income tax return (or 2018 return the individual did not file a 2019 return). For individuals who were not required to file a 2019 or 2018 tax return (also known as non-filers), the IRS provided a web-based tool (hereinafter, the EIP Portal) by which these non-filers could submit their personal and bank account information in order to file a simple tax return and receive their EIP. The information submitted on the EIP Portal was processed by Intuit, a financial software company headquartered in Mountain View, California. Based on the information received via the EIP Portal, Intuit generated and filed with the IRS a 2019 Form 1040 income tax return on behalf of the individual showing an AGI of $1.00. Intuit transmitted tax returns to the IRS through the Front-End Processing System (FEPS), which resided at the Enterprise Computing Centers located at Martinsburg, West Virginia.

30. A taxpayer using the EIP Portal could elect to have the payment electronically deposited into his or her bank account, deposited to a debit card, or sent as a United States Treasury check.

31. Before completing the filing of a return, the EIP Portal advised the individual that "[e]ntering this information here is just like signing your return" and "it means that you are agreeing to the Consent to Disclosure statement." The Consent to Disclosure statement provided: "Under penalties of perjury, I declare that I have examined this return, including any accompanying statements and schedules and, to the best of my knowledge, it is true, correct, and complete." The EIP Portal also asked the individual to consent to the return being sent to the IRS. The individual completed the return by entering a self-selected five-digit identification number and date of birth.

32. After submitting the return, the individual could check the status of the EIPs on the IRS website, https://www.irs.gov.

33. Beginning on or about May 3, 2020, and continuing through about March 2021, in the Western District of Oklahoma, and elsewhere,

---------------------------------- **DESIREE NICOLE FRANSEN,**
       **a/k/a Desiree Sanchez,**
       **a/k/a Sanchezz Dez Love,**
       **a/k/a SanFran DezNicole, and**
**OCTAVIO JUAN SANCHEZ,** ------------------------------

knowingly, unlawfully, and with interdependence conspired with each other to commit an offense against the United States, that is wire fraud, by obtaining and attempting to obtain

money and property through means of materially false and fraudulent pretenses, representations, and promises in violation of Title 18, United States Code, Section 1343.

## Purpose of the Conspiracy

34.     The purpose of the conspiracy was for **FRANSEN** and **SANCHEZ** to personally enrich themselves by fraudulently obtaining EIPs through the EIP Portal using the personal identifying information of Sandoval.

## Manner and Means

35.     On or about May 12, 2020, **FRANSEN** and **SANCHEZ**, using a computer with an internet protocol (IP) address based in Norman, Oklahoma, accessed the EIP Portal and submitted to Intuit Sandoval's name and Social Security number. They also provided the email address oscarbubba5@gmail.com, which was linked to **SANCHEZ** and **FRANSEN**.

36.     By submitting Sandoval's personal identifying information to the EIP Portal, it caused Intuit to generate and file a 2019 Form 1040 for Sandoval showing an AGI of $1.00.

37.     While submitting the return, **FRANSEN** and **SANCHEZ** provided to the IRS the routing and account number associated with Sandoval's Bluebird debit card.

38.     By filing a 2019 tax return for Sandoval, **FRANSEN** and **SANCHEZ** caused the IRS to issue the following EIPs, which were electronically deposited into Sandoval's Bluebird account:

13

| Date of Payment | Amount |
|---|---|
| May 22, 2020 | $1,200.00 |
| December 30, 2020 | $600.00 |
| March 12, 2021 | $1,400.00 |

39. On or about May 3, 2020, May 5, 2020, May 13, 2020, and May 14, 2020, **FRANSEN** and **SANCHEZ** used a computer with an IP Address based in Norman, Oklahoma to access the IRS website and check the status of Sandoval's EIPs. Checking the status of EIPs required entering Sandoval's Social Security number, address, and date of birth to pass the authentication process.

40. On at least March 13, 2021, and March 14, 2021, **SANCHEZ** used Sandoval's Bluebird debit card, which was funded in part with EIP funds, to withdraw cash from ATMs located at 7-11 convenience stores in Norman, Oklahoma.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 7
### (Aggravated Identity Theft)

41. The Federal Grand Jury incorporates paragraphs 1 and 26-40 by reference.

42. On or about May 12, 2020, in the Western District of Oklahoma,

------------------------------ **DESIREE NICOLE FRANSEN,**
        **a/k/a Desiree Sanchez,**
        **a/k/a Sanchezz Dez Love,**
        **a/k/a SanFran DezNicole, and**
**OCTAVIO JUAN SANCHEZ** ------------------------------------

did knowingly use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code,

Section 1028A(c)(5)—specifically, the offense of conspiracy to commit wire fraud as set forth in Count 6 of this Indictment, knowing that the means of identification belonged to another person. In particular, **FRANSEN** and **SANCHEZ** used the name, Social Security number, and date of birth of "Margarita J. Sandoval," whom they knew to be a real person, when they used the EIP Portal to cause Intuit to transmit a 2019 Form 1040 to the IRS for the purpose of causing the IRS to issue EIPs to Sandoval.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

A TRUE BILL:

FOREPERSON OF THE GRAND JURY

ROBERT J. TROESTER
United States Attorney

JESSICA L. PERRY
DANIELLE LONDON
Assistant U.S. Attorneys